UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------x
In re:                                                                      Chapter 7

ANTHONY J. MASSARO, AKA                              Case No.: 22-73555-reg
ANTHONY J MASSARO, SR., AND
WANDA JO MASSARO, AKA
WANDA J MASSARO

                                  Debtors.
---------------------------------------------------------------x
R. KENNETH BARNARD SOLELY IN HIS                 Adv. Pro. No.: 24-
CAPACITY AS CHAPTER 7 TRUSTEE
OF THE ESTATE OF ANTHONY J. MASSARO,
AKA ANTHONY J MASSARO, SR., AND
WANDA JO MASSARO, AKA
WANDA J MASSARO,

                                  Plaintiff,

   - against –

LOUIS MASSARO

                                  Defendant.
---------------------------------------------------------------x

## COMPLAINT

R. Kenneth Barnard solely in his capacity as Chapter 7 Trustee (the "Plaintiff") of the estate of Anthony J Massaro *aka* Anthony J Massaro, Sr, (the "Debtor") and Wanda Jo Massaro *aka* Wanda J Massaro (the "Co-Debtor"), by and through his attorneys, the Law Offices of Avrum J. Rosen, PLLC, respectfully submits this as and for his complaint (the "Complaint") against Louis Massaro (the "Defendant"), and alleges as follows:

### JURISDICTION AND VENUE

1.    This adversary proceeding relates to the above-captioned bankruptcy proceeding pending in the United States Bankruptcy Court for the Eastern District of New York and is a "core

proceeding" under 28 U.S.C. §§ 157(b)(2)(A), (B), (E), (F), (H), and (O) and 1334, and Rules 7001 and 7065 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

2. The United States Bankruptcy Court for the Eastern District of New York has jurisdiction over this proceeding under 28 U.S.C. §§ 157 and 1334.

3. This Court is the proper venue for this adversary proceeding in accordance with 28 U.S.C. § 1409(a).

4. The statutory predicate for the relief sought herein include sections 105, 323, 363(h), 363(i), 363(j) and 541 of the Bankruptcy Code, and Rules 6004, 6009, and 7001 of the Bankruptcy Rules.

5. Pursuant to Rule 7008 of the Bankruptcy Rules, the Plaintiff consents to the entry of final orders and judgments by the Court presiding over this adversary proceeding if it is determined that the Court, absent consent of the parties, cannot enter final orders or judgment consistent with Article III of the United States Constitution.

**NATURE OF THE ACTION**

6. This is an action by the Chapter 7 Trustee herein seeking authority: (i) to compel the Defendant to execute the transfer documents for the Deed from the estate of Clementina Massaro aka Clementine Massaro, to Anthony Massaro as Chapter 7 Debtor of the Bankruptcy Case Number 22-73555-reg as to a two thirds (2/3) interest and Louis Massaro as to a one third (1/3) interest; and then (ii) to sell the Defendant's undivided interest, as well as all ownership interests, in the real property commonly known as 119 Greene Avenue, Port Jefferson Station, New York, identified under Section: 255, Block: 4, Lot: 30, County of Suffolk (the "Property")[1]; (iii) to determine the Defendant's respective distributive interest in and to the sale proceeds from

---

[1] Attached hereto as **Exhibit "A"** is a copy of the Deed of the Property evidencing the Decedent's Estate's interest in the Property.

the sale of the Property; and (iv) directing the division of the sale proceeds to the Defendant according to his respective rights.

7. Pursuant to the last will and testament of Clementina Massaro aka Clementine Massaro (the "Decedent's Estate"), prior to the Debtor's bankruptcy filing, the Debtor had at least a two thirds (2/3) interest in the Property and the Defendant had a one third (1/3) interest.

8. The Plaintiff now brings this action seeking permission to sell the Debtor's undivided interest in the property, along with the interests of the Defendant pursuant to Bankruptcy Code section 363(h) as: (i) partition of the Property is impracticable; (ii) a sale of the estate's undivided interest in the Property would realize significantly less for the estate than a sale of the Property free of the Defendant's interest; (iii) the benefit to the estate of a sale of the Property free of the Defendant's interests outweighs the detriment, if any, to such Defendant; and (iv) the Property is not used in the production, transmission, or distribution, for sale, of electric energy or of natural or synthetic gas for heat, light, or power. And critically, the Defendant will not be unduly prejudiced by the sale of the Property, since the Defendant will receive the cash equivalent value of her interest in the Property, as determined by the Court.

9. The Plaintiff brings this action here because the Plaintiff is the Chapter 7 Trustee of the Debtor's estate.

## THE PARTIES

10. The Plaintiff is the Chapter 7 Trustee herein. The Plaintiff has a mailing address of 3305 Jerusalem Avenue, Suite 215, Wantagh, New York 11793. The Plaintiff is authorized to file this action under section 323 of the Bankruptcy Code and Bankruptcy Rule 6009.

11. The Defendant is an individual and, upon information and belief, has a mailing address of 119 Greene Avenue, Port Jefferson Station, New York, 11776.

## ALLEGATIONS APPLICABLE TO ALL CLAIMS FOR RELIEF

**A.     The Debtor's Chapter 7 Filing**

12.     On December 13, 2022 (the "Petition Date"), the Debtor and Co-Debtor jointly filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code.

13.     The Debtor is represented by counsel in the underlying bankruptcy case.

14.     R. Kenneth Barnard was appointed interim Chapter 7 trustee of the Debtor's bankruptcy estate and, by operation of law, became the permanent Chapter 7 trustee of the Debtor's bankruptcy estate.

**B.     The Property and the Will**

15.     The Debtors' schedule A/B [Dkt. No. 1] indicates that the Debtor is the executor of the Decedent's Estate. In reviewing the last will and testament of Clementina Massaro dated June 13, 2008 (the "Will"), the Trustee discovered that the Debtor is also a beneficiary of the Decedent's Estate. Attached hereto as **Exhibit "B"** is a copy of the last will and testament.

16.     According to the Will, the Decedent's Estate bequeathed the Debtor and the Defendant the residuary estate, which includes the Property, in the following manner: two thirds (2/3) interest to the Debtor, if he survives; and one third (1/3) interest to the Defendant, if he survives.

17.     Upon information and belief, the Defendant did not predecease the Decedent.

18.     According to the Will, the Debtor was appointed as the executor.

19.     On or about June 16, 2021, the Debtor filed a probate petition in the Suffolk Country Surrogate's court of the State of New York, identified by file number 2021-3472 (the "Probate Petition"). The Debtor also filed an Inventory of Assets (the "Estate Inventory"). Attached hereto as **Exhibit "C"** is a copy of the Probate Petition and the Estate Inventory.

20. According to the Probate Petition and the Estate Inventory, the only property identified of the Decedent's Estate for distribution is the Property.

21. On or about October 4, 2021, the Honorable Theresa Whelan (Dec.) entered a Decree Granting Probate.

22. Thereafter in 2022, the Debtor attempted to sell the Property. Upon information and belief, the Debtor was unsuccessful in closing on the Property due to alleged judgments of the Defendant's recorded on the Property and the Defendant being uncooperative during the sale process.

23. The last offer for the Property that went to contract was approximately $460,000.00. The Plaintiff estimates that due to low inventory and other factors effecting the real estate market, with the proper marketing of the Property, the Plaintiff can obtain a sale price equal to or greater than $460,000.00.

24. Upon information and belief, the secured creditor, PHH Mortgage Corporation as Servicer for Mortgage Assets Management LLC filed a motion for relief from stay and alleged that as of May 17, 2023 the total amount due of their secured claim was $317,763.57.

25. The Debtor does not reside at the Property and cannot claim a homestead exemption against the Property.

26. Upon information and belief, the following judgments against the Defendant were recorded on the Property: (i) State of New York, $14,428.31; and (ii) Capital One Bank USA N.A., $4,790.77. Upon information and belief those judgments are stale.

27. A true determination of the Property can only be conducted after the Plaintiff has access to the Property. However, assuming that the value of the Property is $460,000, the Debtor's two thirds (2/3) interest in the Property, subject to the mortgage, would equate to approximately

$95,000.00. Again, with access to the Property and a proper appraisal, the Debtor's equity may realize more depending on the actual value of the Property. As such, the Property maintains substantial equity, which can only be realized from a sale.

### C.     The Defendant's Failure to Cooperate

28.     On August 14, 2023, the Plaintiff initially attempted to contact the Defendant informing him, among other things, that the Debtor's interest in the Property is property of the Debtor's bankruptcy estate, that the Defendant is entitled to his one third (1/3) interest, and that if the Defendant did not contact the Plaintiff by August 28, 2023, the Plaintiff would commence an action under section 363(h) of the Bankruptcy Code to sell the Property along with the interests of the Defendant.

29.     In preparation of moving to sell the property pursuant to a court order under Bankruptcy Code section 363, the Plaintiff prepared a deed with the transfer documents to transfer the Property out of the Decedent's Estate and into the Debtor, as Chapter 7 Debtor, on behalf of the Debtor's two thirds (2/3) interest and the Defendant's one third (1/3) interest.

30.     The Debtor has been cooperating with the Plaintiff to facilitate the preparations of the sale of the Property and has executed the Deed and transfer documents. The Defendant has refused to cooperate as a result, the Deed has not been recorded.

31.     The Defendant did not contact the undersigned pursuant to the Plaintiff's August 14, 2023 letter and on September 7, 2023, the Plaintiff again notified the Defendant that in preparation of a sale of the Debtor's interest in the Property, the Trustee required the Defendant to execute transfer documents to transfer the Property from the Decedent's estate to the Debtor on behalf of the Debtor's two thirds (2/3) interest and the Defendant's one third (1/3) interest.

32.     Again, the Defendant refused to respond to the Plaintiff and cooperate.

33. As of the filing of this Motion, the Defendant has not contacted the Plaintiff. The Plaintiff now brings this action seeking leave to sell the Defendant's and the Estate's interest in the Property, and to compel the Defendant to execute all required documents, or in the alternative, authorizing the Plaintiff to execute all required documents on his behalf.

## CLAIMS FOR RELIEF

### FIRST CLAIM FOR RELIEF AGAINST THE DEFENDANT
(Sale of the Interests of the Debtor and a Co-Owner Under 11 U.S.C. § 363(h))

34. The Plaintiff repeats and re-alleges the allegations set forth in paragraphs "1" through "33" as if set forth fully herein.

35. Pursuant to the Deed, the Decedent's Estate owned a fee simple interest in the Property.

36. Pursuant to the Will, the Decedent's Estate bequeathed a two thirds (2/3) interest in the Decedent's Estate, including the Property.

37. The Debtor's two thirds (2/3) interest in the Property constitutes property of the Debtor's estate pursuant to section 541 of the Bankruptcy Code.

38. Pursuant to the Will, the Decedent's Estate bequeathed a one third (1/3) interest in the Decedent's Estate, including the Property.

39. The Debtor is not entitled to a homestead exemption with respect to his interest in the Property as the Property is not the Debtor's principal residence.

40. The Debtor has a legal and equitable interest in the Property.

41. A sale of the Property would realize a benefit to the Debtor's estate and creditors.

42. A sale of the Property would be beneficial to the Debtor's estate and creditors.

43. Pursuant to section 363(h) of the Bankruptcy Code:

> Notwithstanding subsection (f) of this section, the trustee may sell both the estate's interest, under subsection (b) or (c) of this section, and the interest of any co-owner in property in which the debtor had, at the time of the commencement of the case, an undivided interest as a tenant in common, joint tenant, or tenant by the entirety, only if—
>
>> (1) partition in kind of such property among the estate and such co-owners is impracticable;
>> (2) sale of the estate's undivided interest in such property would realize significantly less for the estate than sale of such property free of the interests of such co-owners;
>> (3) the benefit to the estate of a sale of such property free of the interests of co-owners outweighs the detriment, if any, to such co-owners; and
>> (4) such property is not used in the production, transmission, or distribution, for sale, of electric energy or of natural or synthetic gas for heat, light, or power.

11 U.S.C. § 363(h).

44. Partition of the Property is impracticable because: (a) the Property is comprised of a single-family home; (b) the sale of the estate's right, title and interest in the Property alone would realize significantly less than a sale of the estate's right, title and interest together with the co-owners' interest; and (c) a prospective buyer would be reluctant to purchase a mere tenancy interest in the Property.

45. The sale of the estate's undivided interest in the Property would realize significantly less for the estate than the sale of the Property that includes the interest of the co-owner.

46. The Defendant would not be unduly prejudiced by the sale since the Defendant would receive the cash equivalent of his respective undivided interest in the Property less any and all judgments against the Defendant, as determined by the Court.

47. The benefit to the estate of a sale that includes the interest of the Defendant outweighs the detriment, if any, to the non-debtor Defendant.

48. Upon information and belief, the Property is not used in the production, transmission, or distribution, for sale, of electric energy or of natural or synthetic gas for heat, light, or power.

49. The Plaintiff seeks a judgment compelling the sale of the ownership interests in the Property so that the Plaintiff may recover the Debtor's interest in the Property, which is a two thirds (2/3) interest, for the benefit of the Debtor's estate and creditors.

50. By reason of the foregoing, the Plaintiff is entitled to a judgment against the Defendant pursuant to section 363(h) of the Bankruptcy Code: (a) authorizing the Plaintiff to sell all of the interests in the Property; (b) determining the Defendant's respective distributive interest in and to the proceeds from the sale of the Property; and (c) directing the division of the sale proceeds between the parties according to their respective rights.

### SECOND CLAIM FOR RELIEF AGAINST THE DEFENDANT
### (Compel Defendant to Execute Transfer Documents)

51. The Plaintiff repeats and re-alleges the allegations set forth in paragraphs "1" through "50" as if set forth fully herein.

52. The Defendant's compliance in executing transfer documents on behalf of his one third (1/3) interest is essential to the Plaintiff and the sale process.

53. The Defendant has refused to comply with the Plaintiff's in executing the transfer documents out of the Decedent's Estate.

54. Base on the foregoing, the Plaintiff seeks an order and judgment compelling the Defendant's cooperation in executing the transfer documents for the Deed from the Decedent's Estate, to Anthony Massaro as Chapter 7 Debtor of the Bankruptcy Case Number 22-73555-reg as to a two thirds (2/3) interest and Louis Massaro as to a one third (1/3) interest, and other documents

as becomes necessary pursuant to the sale of the Property, or in the alternative, authorizing the Plaintiff to execute all required documents on his behalf.

### THIRD CLAIM FOR RELIEF AGAINST THE DEFENDANT
**(Judgment Against Defendant for Waste, Intentional Damages, and an Accounting)**

55. The Plaintiff repeats and re-alleges the allegations set forth in paragraphs "1" through "54" as if set forth fully herein.

56. The Defendant maintains a one third (1/3) interest in the Property.

57. The Defendant occupies the Property and has refused to cooperate with the Plaintiff.

58. The Defendant and the Debtor have a relationship and upon information and belief are siblings.

59. The Plaintiff seeks a judgment against the Defendant for Waste and Intentional Damages under NY Real Prop Actions L § 817, in an amount to be determined by the Court.

[*Remainder of Page Intentionally Left Blank*]

60. The Plaintiff seeks an accounting and reserves his right to bring different and additional causes of action related thereto.

## RESERVATION OF RIGHTS

61. During the course of this adversary proceeding, the Plaintiff may learn (through discovery or otherwise) of additional causes of action. Accordingly, the Plaintiff reserves his right to amend this Complaint to include, among other things: (i) further information regarding the allegations herein; (ii) revisions to the Defendant's names; (iii) additional defendants; and (iv) additional causes of action (the "Amendments"), that may become known to the Plaintiff at any time during this adversary proceeding, through formal discovery or otherwise, and for the Amendments to relate back to the Complaint.

**WHEREFORE**, the Plaintiff respectfully demands: (i) judgment against the Defendant consistent with the allegations set forth in the Complaint; together with (ii) such other, further and different relief that this Court deems just, proper and equitable under the facts and circumstances herein.

Dated: March 15, 2024  
      Huntington, New York

Respectfully submitted,

**Law Offices of Avrum J. Rosen, PLLC**

By: */s/ Nico G. Pizzo*  
Nico G. Pizzo, Esq.  
Avrum J. Rosen, Esq.  
38 New Street  
Huntington, New York 11743  
(631) 423-8527  
npizzo@ajrlawny.com  
arosen@ajrlawny.com

*Counsel to the Plaintiff-Trustee*